UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

----------------------------------------------------

In re:

**Belinda Gray Baldwin,**
Soc. Sec. No. xxx-xx-3480                    Bankruptcy Case No.: 09-09854-8-JRL
Mailing Address: 406 Rauhut St., Burlington NC
27217
                                        Debtor.

----------------------------------------------------

**Belinda Gray Baldwin**
                            Plaintiff,    A.P. No.:_____

**vs.**

**Fidelity National Title Insurance Company of
New York, Inc., Trustee  under that Deed of
Trust recorded at Book 5194, Page 499, Durham
County Register of Deeds;**

**Ocwen Loan Servicing, LLC;**

**U.S. Bank N.A., in it's capacity as Trustee for
MASTR Asset Backed Securities Trust 2002-NC1
Mortgage Pass-Through Certificates, Series
2002-NC1, Lender;**

**CIT Loan Corporation, formerly known as The
CIT Group Consumer Finance, Inc.**

**Craig A. Williamson, Trustee;**

**Mortgage Electronic Registration Systems Inc.,
and**

**Vericrest Financial, Inc.**

                            Defendants.

----------------------------------------------------

## COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN

The Plaintiff, above-named, respectfully alleges as follows:

## Introduction and Jurisdication

1. This is an action to determine, pursuant to 11 U.S.C. §§ 506, 1322(e)(2) and 1325(a)(5), the validity and/or extent of a Deed of Trust held by U.S. Bank N.A., in it's capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass Through Certificates, Series 2002-NC1, against the debtors' real property in the above referenced case.

2. This is an action to determine, pursuant to 11 U.S.C. §§ 506, 1322(e)(2) and 1325(a)(5), the validity and/or extent of a Deed of Trust held by Vericrest Financial against the debtors' real property in the above referenced case.

3. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

4. The Trustee has standing to pursue this matter pursuant to 11 U.S.C. § 544(a)(3), and the plaintiffs have the authority to pursue it in his stead pursuant to 11 U.S.C. § 522(h).

## Identification of Parties

1. The Plaintiff is the Debtor in the above-captioned chapter 13 bankruptcy case, filed on November 10, 2009, and John F. Logan is the duly appointed Chapter 13 Trustee.

2. Upon information and belief, the Defendant Fidelity National Title Insurance Company of New York, Inc. (hereinafter "Fidelity National Title"), is a corporation formed and operating under the laws of the State of New York. Fidelity National Title is the named Trustee in the Deed of Trust referenced herein.

3. Upon information and belief, the Defendant Oewen Loan Servicing, LLC (hereinafter "Oewen") is a corporation formed and operating under the laws of the State of Florida. Upon information and belief, Defendant Oewen is the loan servicer for the Defendant U.S. Bank N.A. in it's capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1

4. Upon information and belief, the Defendant U.S. Bank N.A. in it's capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1 (hereinafter "U.S. Bank"), is a corporation formed and operating under the laws of the State of Minnesota. Upon information and belief, Defendant U.S. Bank may be the owner and holder of the Note and Deed of Trust purporting to be secured by the Debtor's residence.

5.  Upon information and belief, the Defendant CIT Loan Corporation f/k/a the CIT Group Consumer Finance, Inc. (hereinafter "CIT Group") is a corporation formed and operating under the laws of the State of Ohio. Upon information and belief, Defendant CIT Group Consumer Finance, Inc. may be secured as to the Debtor's non-residence property, currently occupied by Anthony and Stacey Noell.

6.  Upon information and belief, Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") is a corporation formed and operating under the laws of the Commonwealth of Virginia. Defendant MERS is the named beneficiary of the Deed of Trust executed by Anthony and Stacey Noell in favor of Defendant CIT Group.

7.  Upon information and belief, Defendant Craig A. Williamson is an individual residing in the State of North Carolina. Defendant Craig A. Williamson is the named Trustee in the Deed of Trust executed by Anthony and Stacey Noell in favor of Defendant CIT Group.

8.  Upon information and belief, Defendant Vericrest Financial, Inc., (hereinafter "Vericrest") is a corporation formed and operating under the laws of the State of Delaware. Upon information and belief, Defendant Vericrest is the successor in interest to CIT Loan Corporation f/k/a the CIT Group Consumer Finance, Inc.

## Factual Allegations

1.  On the petition date, Debtor was the record owner of properties located at 406 Rauhut Lane and 414 Rauhut Lane. Both properties are located in Burlington, North Carolina. The debtor's residence is 406 Rauhut Lane.

2.  The correct legal description for 406 Rauhut Lane is "Being all of Lot Three (3), as shown on a plat recorded in Plat Book 66, Page 401, Alamance County Registry".

3.  The correct legal description for 414 Rauhut Lane is "Being all of Lot One (1), as shown on a plat recorded in Plat Book 66, Page 401, Alamance County Registry". A copy of Plat Book 66, Page 401 showing the relevant lots is attached as Exhibit 1.

4.  The Debtor disputes Ocwen's claim to a security interest in the 406 Rauhut Lane property based on the following chronology of events, beginning with the Debtor's acquisition of Lot 1 on August 23, 2002.

5.  On August 23, 2002, Debtor acquired title to Lot 1 by virtue of a General Warranty Deed from Piedmont Building Inspection Services recorded in Book 1713, Page 683, Alamance County Registry. The deed recites the grantee's address as 406 Rauhut Lane. However, the deed contains a legal description for Lot 1, or 414 Rauhut Lane. On the date of the Lot 1 conveyance, Piedmont Building Inspection Services was also the record owner of Lot 3. A copy of the August 23, 2002 deed is attached as Exhibit 2.

6.  Debtor concurrently executed a Deed of Trust in favor of New Century Mortgage

Company, recorded in Book 1713, Page 685, Alamance County Registry. (hereinafter, the "Ocwen Deed of Trust"). The legal description attached to the Deed of Trust describes Lot 1. A copy of the Ocwen Deed of Trust is attached as Exhibit 3.

7.      U.S. Bank N.A., in it's capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1 is allegedly the owner and holder of the Ocwen Note and Deed of Trust, as indicated on the Notice of Appearance filed by said creditor.

8.      On October 28, 2002 Piedmont Building Inspection Services conveyed Lot 3 to Anthony Noell and Stacey Noell by General Warranty Deed recorded in Book 1750, Page 192, Alamance County Registry. The deed recites the grantee's address as 414 Rauhut Lane. However, the deed contains a legal description for Lot 3, or 406 Rauhut Lane. A copy of the October 28, 2002 deed is attached as Exhibit 4.

9.      Upon information and belief, the Noells executed a purchase money Deed of Trust in favor of New Century Mortgage Company, recorded in Book 1750, Page 194, Alamance County Registry, said Deed of Trust being later satisfied in Book 2158, Page 878, Alamance County Registry. The legal description attached to this Deed of Trust describes Lot 5.

10.      Upon information and belief, the Noells refinanced the New Century Mortgage Company note on February 23, 2004, granting a Deed of Trust to the Cit Group/ Consumer Finance Inc., recorded in Book 2042, Page 225, Alamance County Registry. The legal description attached to this Deed of Trust describes Lot 3. A copy of the Cit Group Deed of Trust is attached as Exhibit 5.

11.      Upon information and belief, Vericrest Financial Inc. is the current holder of the Note secured by the Deed of Trust granted to Cit Group (hereinafter the "Vericrest Deed of Trust").

12.      On March 31, 2003, Debtor filed a Chapter 13 bankruptcy, case # 03-11107. The Debtor's plan was confirmed on July 17, 2003. The confirmation order specifically states that "all property of the estate... shall continue to be property of the estate following confirmation." A copy of the confirmation order is attached as Exhibit 6.

13.      A notice of the 2003 bankruptcy was filed in the Alamance County Registry on May 27, 2003. A notice of termination was filed on April 14, 2008. Both notices are attached as Exhibit 7.

14.      On January 10, 2008, at the request of real estate attorney C. Marc O'Neal, the Debtor executed a corrective Deed purporting to convey Lot 1 to Anthony Noell and Stacey Noell. Without approval of the bankruptcy court, this transfer was ineffective to convey title. Furthermore, the corrective Deed was void *ab initio* as a violation of 11 U.S.C. 362(a)(3), (4), and (5). A copy of this corrective Deed is attached as Exhibit 8.

convey Lot 3 to the Debtor. This corrective deed executed by the Noells was an effective transfer of Lot 3, said conveyance being subject to the Vericrest Deed of Trust. A copy of this corrective Deed is attached as Exhibit 9.

16. By virtue of this corrective Deed, and pursuant to 11 U.S.C §1306, Lot 3 became property of the Debtor's bankruptcy estate, subject to the Vericrest Deed of Trust.

17. Also on January 10, 2008, real estate attorney C. Marc O'Neal recorded two corrective Deeds of Trust, purporting to correct the legal descriptions for the Ocwen and Vericrest Deeds of Trust. The Ocwen and Vericrest corrective Deeds of Trust are attached as Exhibits 10 and 11.

18. Furthermore, because the Debtor was under the protection of the automatic stay at the time of the corrective Deed of Trust filings, the Ocwen corrective Deed of Trust should be deemed void *ab initio* as a violation of 11 U.S.C. 362(a)(3), (4), and (5).

19. Alternatively the corrective Deed of Trust is void for failure to comply with NCGS § 47-36.1, which prior to January 1, 2009, only allowed such method of correction when correcting a "typographical or other minor error in a deed". The legal description, and more specifically the lot number, defines the nature and extent of the creditor's security interest and cannot be classified as a mere typographical or clerical error.

20. Based on the foregoing, the Debtor holds ownership of Lot 1, subject to the lien of local taxes and a Deed of Trust to Vericrest Financial, Inc. The Debtor also owns Lot 3, subject to the lien of local taxes. As correctly stated in the petition, it is the Debtor's intention to retain Lot 3 and surrender her interest in Lot 1.

**WHEREFORE**, the Plaintiff prays the Court enter an Order:

1. Determining that the claim held by Defendant Ocwen is a wholly unsecured claim;

2. Determining that the claim held by Defendant Vericrest Financial, Inc is a wholly unsecured claim as to Lot 3;

3. Requiring the Defendants Ocwen and Vericrest to immediately cancel their Deeds of Trust;

4. Authorizing the Debtor to execute a Deed conveying Lot 1 to Anthony and Stacy Noell, with costs for preparation and recording to be paid by the Defendant, and

5. For such other and further relief as this court deems just and proper.

Dated: December 7, 2010

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**
/s John T. Orcutt_____
John T. Orcutt
Attorney for the Plaintiff
North Carolina State Bar No.: 23003
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

-------------------------------------------------------

In re:

**Belinda Gray Baldwin,**
Soc. Sec. No. xxx-xx-3480                    Bankruptcy Case No.: 09-09854-8-JRL
Mailing Address: 406 Rauhut St., Burlington NC
27217

                                        Debtor.

-------------------------------------------------------

**Belinda Gray Baldwin**

                            Plaintiff,   A.P. No.:_____

vs.

**Fidelity National Title Insurance Company of
New York, Inc., Trustee  under that Deed of
Trust recorded at Book 5194, Page 499, Durham
County Register of Deeds;**

**Ocwen Loan Servicing, LLC;**

**U.S. Bank N.A., in it's capacity as Trustee for
MASTR Asset Backed Securities Trust 2002-NC1
Mortgage Pass-Through Certificates, Series
2002-NC1, Lender; and**

**CIT Loan Corporation, formerly known as The
CIT Group Consumer Finance, Inc.**

**Craig A. Williamson, Trustee;**

**Mortgage Electronic Registration Systems Inc.,
and**

**Vericrest Financial, Inc.**

                            Defendants.

-------------------------------------------------------

**CERTIFICATE OF SERVICE**

I, Charlene Ennemoser certify that service of the **Summons** issued in this adversary proceeding, together with a copy of the **Complaint**, was made on December 8, 2010, by electronic notice on the following parties:

John F. Logan
Chapter 13 Trustee

Marjorie K. Lynch
Bankruptcy Administrator

and <u>also</u> by **first class mail** upon the following parties:

Fidelity National Title Company
**ATTN: Managing Agent**
c/o CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

FIDELITY NATIONAL TITLE AGENCY
OF NEW YORK, INC
**ATTN: Managing Agent.**
601 RIVERSIDE AVE
JACKSONVILLE, FLORIDA, 32204

Ocwen Loan Servicing
**Attn: Managing Agent**
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Ocwen Loan Servicing, LLC
**ATTN: Managing Agent**
P.O. Box 24737
West Palm Beach, FL 33416-4737

Kimberly A. Sheek
Attorney for Ocwen Loan Servicing, LLC
8520 Cliff Cameron Drive, Suite 300
Charlotte, NC 28269

Mortgage Electronic Registration Systems
**Attn: Managing Agent**
1818 Library Street, Suite 300
Reston, VA 20190

Fidelity National Title Agency
**ATTN: Managing Agent**
c/o CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

FIDELITY NATIONAL TITLE AGENCY
**ATTN: Managing Agent.**
601 RIVERSIDE AVE
JACKSONVILLE, FLORIDA, 32204

U.S. Bank NA
**ATTN: Managing Agent**
800 Nicollet Mall
Minneapolis, MN 55402

CIT Loan Corporation, formerly known as
The CIT Group Consumer Finance, Inc.
**ATTN: Managing Agent**
One CIT Drive
Livingston, NJ 07039

Vericrest Financial Inc.
**ATTN: Managing Agent**
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE, 19801

Craig A. Williamson
5000 Falls of Neuse Road
Ste. 405
Raleigh NC 27609

Under penalty of perjury, I declare that the foregoing is true and correct.

Date: 12/8/2010

/s Charlene Ennemoser

Charlene Ennemoser

6616-203 Six Forks Road
Raleigh, N.C. 27615