UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN THE MATTER OF:

| | | |
|---|---|---|
| BELINDA GRAY BALDWIN,<br>SSN-XXX-XX-3480, | )<br>)<br>) | Case No. 09-09854-8-JRL |
| Debtor. | )<br>) | (Chapter 13) |
| Belinda Gray Baldwin | )<br>) | |
| Plaintiff,<br>v. | )<br>)<br>) | ADVERSARY PROCEEDING |
| Fidelity National Title Insurance<br>Company of New York, Inc., Trustee<br>et al | )<br>)<br>)<br>)<br>)<br>) | No. 10-00309-8-JRL |
| Defendants. | ) | |

## ANSWER

NOW COME Defendants Ocwen Loan Servicing, L.L.C. (Ocwen) and U.S. Bank N.A., in its capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1, Lender (U.S. Bank as Trustee) by and through counsel, and hereby answer the Complaint as follows:

### Introduction and Jurisdiction

1.     The statements in paragraph 1 constitute legal conclusions to which no response is required; to the extent a response is required, it is admitted that the referenced statutes are in writing and speak for themselves, except as admitted, any remaining allegations of paragraph 1 are denied.

HTPL: 448125

    2.    The statements in paragraph 2 constitute legal conclusions to which no response is required; to the extent a response is required, it is admitted that the referenced statutes are in writing and speak for themselves, except as admitted, any remaining allegations of paragraph 2 are denied.

    3.    The allegations of paragraph 3 are admitted.

    4.    The statements in paragraph 4 constitute legal conclusions to which no response is required; to the extent a response is required, it is admitted that the referenced statutes are in writing and speak for themselves, except as admitted, any remaining allegations of paragraph 4 are denied.

### Identification of Parties

    5.    The allegations of paragraph 1 are admitted.

    6.    The allegations of paragraph 2 are admitted.

    7.    The allegations of paragraph 3 are admitted.

    8.    The allegations of paragraph 4 are admitted.

    9.    With respect to the allegations of paragraph 5, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

    10.    With respect to the allegation of paragraph 6, it is admitted that the referenced deed of trust is in writing and speaks for itself. As to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

    11.    With respect to the allegation of paragraph 7, it is admitted that the referenced deed of trust is in writing and speaks for itself. As to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

    12.    With respect to the allegations of paragraph 8, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

### Factual Allegations

    13.    With respect to paragraph 1, it is admitted that the documents of public record in the Alamance County, North Carolina Public Registry relating to the properties which are the subject of this action are in writing and speak for themselves; except as admitted, any remaining allegations of paragraph 1 are denied.

HTPL:448291

14. With respect to paragraph 2, it is admitted that the referenced Plat is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 2 are denied.

15. With respect to paragraph 3, it is admitted that the referenced Plat is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 3 are denied.

16. Paragraph 4 contains a statement of the plaintiff's intent to which no response is required; to the extent a response is required, any allegation of paragraph 4 are denied.

17. With respect to paragraph 5, it is admitted that the referenced deed is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

18. With respect to paragraph 6, it is admitted that the referenced deed of trust is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 6 are denied.

19. With respect to paragraph 7, it is admitted that U.S. Bank as Trustee is the owner and holder of the Ocwen Note and Deed of Trust.

20. With respect to paragraph 8, it is admitted that the referenced deed is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 8 are denied.

21. With respect to paragraph 9, it is admitted that the referenced deed of trust and satisfaction are in writing and speaks for themselves; except as admitted, any remaining allegations of paragraph 9 are denied

22. With respect to paragraph 10, it is admitted that the referenced deed of trust is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

23. With respect to paragraph 11, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

24. With respect to paragraph 12, it is admitted that the referenced confirmation order is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 12 are denied.

25. With respect to paragraph 13, it is admitted that the referenced notices are in writing and speaks for themselves; except as admitted, any remaining allegations of paragraph 13 are denied.

26. With respect to paragraph 14, it is admitted that the referenced deed is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient

information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

27. With respect to paragraph 15, it is admitted that the referenced deed is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

28. The statements in paragraph 16 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

29. With respect to paragraph 17, it is admitted that the referenced deeds of trust are in writing and speaks for themselves; except as admitted, any remaining allegations of paragraph 17 are denied.

30. The statements in paragraph 18 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

31. The statements in paragraph 19 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

32. The statements in paragraph 20 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

WHEREFORE, Answering Defendants prays the Court as follows:

(1)   That the Court deny the relief sought by Plaintiff; and

(2)   For such other and further relief as the Court deems just and proper.

HTPL:448291

This the 10th day of January 2011.

                    HORACK, TALLEY, PHARR & LOWNDES, P.A.

                    By: /s/ Zipporah Basile Edwards
                        Zipporah Basile Edwards/State Bar No. 20838
                        301 South College Street, Suite 2600
                        Charlotte, NC   28202-6038
                        Telephone:   704/377-2500
                        Facsimile:   704/372-2619
                        E-Mail: ZEdwards@HorackTalley.com

HTPL:448291

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion for Extension of Time was served upon the following by United States mail or electronically, addressed as follows:

John T. Orcutt
Law Offices of John T. Orcutt, P.C.
6616-203 Six Forks Rd.
Raleigh, NC  27615

J. Caleb Thomas
Parker Poe Adams & Bernstien, LLP
P.O. Box 389
Raleigh, NC  27602

Kimberly A. Sheek
Shapiro & Ingle
10130 Perimeter Parkway, Suite 400
Charlotte, NC  28216

CIT Loan Corporation
One CIT Drive
Livingston, NC  07039

Craig A. Williamson
5000 Falls of Nuese Road, Suite 405
Raleigh, NC  27609

Vericrest Financial
1209 Orange Street
Wilmington, DE 19801

John F. Logan
Office Of The Chapter 13 Trustee
PO Box 61039
Raleigh, NC 27661-1039


Dated this 6th day of January, 2011.

                                      s/ Zipporah Basile Edwards
                                      Zipporah Basile Edwards

HTPL:448291