IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>BELINDA GRAY BALDWIN,<br><br>    Debtor.<br><br>_____<br><br>BELINDA GRAY BALDWIN,<br><br>    Plaintiff,<br><br>    v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, INC., Trustee under that Deed of Trust recorded at Book 5194, Page 499, Durham County Register of Deeds; OCWEN LOAN SERVICING, LLC; U.S. BANK N.A., in its capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Pass-Through Certificates, Series 2002-NC1, Lender; CIT LOAN CORPORATION, formerly known as CIT GROUP CONSUMER FINANCE, INC.; CRAIG A. WILLIAMSON, Trustee, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and VERICREST FINANCIAL, INC.,<br><br>    Defendants.<br>_____ | Case No. 09-09854-8-JRL<br><br><br><br><br><br><br><br><br>Adversary Proceeding No. 10-00309-8-JRL<br><br><br>**DEFENDANT FIDELITY NATIONAL<br>TITLE INSURANCE COMPANY OF<br>NEW YORK, INC.'S<br>ANSWER TO COMPLAINT** |

Defendant Fidelity National Title Insurance Company of New York, Inc. ("Defendant"), by and through undersigned counsel, hereby responds to the Complaint of Plaintiff Belinda Gray Baldwin ("Plaintiff") as follows:

## Introduction and Jurisdiction

1. Upon information and belief, the allegations contained in Paragraph 1 are admitted.

2. Upon information and belief, the allegations contained in Paragraph 2 are admitted.

3. Upon information and belief, the allegations contained in Paragraph 3 are admitted.

4. Upon information and belief, the allegations contained in Paragraph 4 are admitted.

## Identification of Parties

1. Upon information and belief, the allegations contained in Paragraph 1 are admitted.

2. The allegations contained in Paragraph 2 are admitted.

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 and such allegations are therefore denied.

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 and such allegations are therefore denied.

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 and such allegations are therefore denied.

6. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 and such allegations are therefore denied.

7. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 and such allegations are therefore denied.

PPAB 1775043v1

8. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 and such allegations are therefore denied.

### Factual Allegations

1. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 and such allegations are therefore denied.

2. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 and such allegations are therefore denied.

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 3 and such allegations are therefore denied.

4. The allegations contained in Paragraph 4 do not require a response. To the extent a response is required, the allegations contained in Paragraph 4 are denied.

5. The document referred to in Paragraph 5 is in writing and speaks for itself. To the extent the allegations in Paragraph 5 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 5.

6. The document referred to in Paragraph 6 is in writing and speaks for itself. To the extent the allegations in Paragraph 6 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 6.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 7 are denied.

8. The document referred to in Paragraph 8 is in writing and speaks for itself. To the extent the allegations in Paragraph 8 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 8.

9. The document referred to in Paragraph 9 is in writing and speaks for itself. To the extent the allegations in Paragraph 9 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 9.

10. The document referred to in Paragraph 10 is in writing and speaks for itself. To the extent the allegations in Paragraph 10 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 10.

11. The allegations contained in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 11 are denied.

12. The document referred to in Paragraph 12 is in writing and speaks for itself. To the extent the allegations in Paragraph 12 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 12.

13. The document referred to in Paragraph 13 is in writing and speaks for itself. To the extent the allegations in Paragraph 13 alter, modify, contradict, or are otherwise inconsistent with that writing, Defemdant denies the allegations in Paragraph 13.

14. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14. Moreover, the allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 14 are denied.

PPAB 1775043v1

15. The document referred to in Paragraph 15 is in writing and speaks for itself. To the extent the allegations in Paragraph 15 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 15. Moreover, the allegations contained in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 16 are denied.

17. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17, and such allegations are therefore denied. Moreover, the document referred to in Paragraph 17 is in writing and speaks for itself. To the extent the allegations in Paragraph 17 alter, modify, contradict, or are otherwise inconsistent with that writing, Defendant denies the allegations in Paragraph 17

18. The allegations contained in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 18 are denied.

19. The allegations contained in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in Paragraph 20 are denied.

WHEREFORE, Defendant respectfully request that this Court:

1. Deny all relief sought by Plaintiff;

2. Award Defendant its costs, including reasonable attorneys' fees, incurred in defending this action; and

3. Grant such other and further relief as this Court deems just and proper.

This the 31st day of January, 2011.

    /s/ J. Caleb Thomas
J. Caleb Thomas
N.C. State Bar No. 37093
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, North Carolina 27602
calebthomas@parkerpoe.com
Tel: (919) 828-0564
Fax: (919) 834-4564
*Attorney for Fidelity National Title Insurance
   Company of New York, Inc.*

6

## **CERTIFICATE OF SERVICE**

    I hereby certify that electronically filed the foregoing **DEFENDANT FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, INC.'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following:

>John T. Orcutt
>Attorney for Plaintiff
>6616-203 Six Forks Road
>Raleigh, NC 27615

This the 31st day of January, 2011.

>/s/ J. Caleb Thomas
>J. Caleb Thomas
>Parker Poe Adams & Bernstein LLP
>P. O. Box 389
>Raleigh, North Carolina  27602