UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN THE MATTER OF:

| | | |
|---|---|---|
| BELINDA GRAY BALDWIN, | ) | |
| SSN-XXX-XX-3480, | ) | |
| | ) | Case No. 09-09854-8-JRL |
| Debtor. | ) | (Chapter 13) |
| | ) | |
| Belinda Gray Baldwin | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ADVERSARY PROCEEDING |
| Fidelity National Title Insurance | ) | |
| Company of New York, Inc., Trustee | ) | No. 10-00309-8-JRL |
| et al | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER, MOTION TO DISMISS, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

NOW COME Defendants Ocwen Loan Servicing, L.L.C. (Ocwen) and U.S. Bank N.A., in its capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1, Lender (U.S. Bank as Trustee) by and through counsel, and with consent of the Plaintiff and hereby files their Amended Answer and responds to the Complaint as follows:

## Motion to Dismiss
### (Rule 7012 of the Rules of Bankruptcy Procedure, Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure)

Defendant moves the Court to dismiss this action on the grounds that Plaintiff does not have standing to assert claims pursuant to the Trustee's 11 U.S.C. § 544 avoidance powers and as such Plaintiff fails to state a claim against answering defendants. Defendant further moves the Court to dismiss this action on the grounds that, to the extent Plaintiff seeks an adjudication relating to title to real property owned or potentially owned by individuals who are not parties to this action (Anthony and Stacey Noell), Plaintiff has failed to join a necessary party.

## Introduction and Jurisdiction

1.      The statements in paragraph 1 constitute legal conclusions to which no response is required; to the extent a response is required, it is admitted that the referenced statutes are in writing and speak for themselves, except as admitted, any remaining allegations of paragraph 1 are denied.

2.      The statements in paragraph 2 constitute legal conclusions to which no response is required; to the extent a response is required, it is admitted that the referenced statutes are in writing and speak for themselves, except as admitted, any remaining allegations of paragraph 2 are denied.

3.      The allegations of paragraph 3 are admitted.

4.      The statements in paragraph 4 constitute legal conclusions to which no response is required; to the extent a response is required, it is admitted that the referenced statutes are in writing and speak for themselves.  It is specifically denied that plaintiff has standing to exercise the Trustee's avoidance powers.  Except as admitted, any remaining allegations of paragraph 4 are denied.

## Identification of Parties

5.      The allegations of paragraph 1 are admitted.

6.      The allegations of paragraph 2 are admitted.

7.      The allegations of paragraph 3 are admitted.

8.      The allegations of paragraph 4 are admitted.

9.      With respect to the allegations of paragraph 5, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

HTPL:451076

10.     With respect to the allegation of paragraph 6, it is admitted that the referenced deed of trust is in writing and speaks for itself. As to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

11.     With respect to the allegation of paragraph 7, it is admitted that the referenced deed of trust is in writing and speaks for itself. As to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

12.     With respect to the allegations of paragraph 8, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

### Factual Allegations

13.     With respect to paragraph 1, it is admitted that the documents of public record in the Alamance County, North Carolina Public Registry relating to the properties which are the subject of this action are in writing and speak for themselves; except as admitted, any remaining allegations of paragraph 1 are denied.

14.     With respect to paragraph 2, it is admitted that the referenced Plat is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 2 are denied.

15.     With respect to paragraph 3, it is admitted that the referenced Plat is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 3 are denied.

16.     Paragraph 4 contains a statement of the plaintiff's intent to which no response is required; to the extent a response is required, any allegation of paragraph 4 are denied.

17.     With respect to paragraph 5, it is admitted that the referenced deed is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

18.     With respect to paragraph 6, it is admitted that the referenced deed of trust is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 6 are denied.

19.     With respect to paragraph 7, it is admitted that U.S. Bank as Trustee is the owner and holder of the Ocwen Note and Deed of Trust.

20.     With respect to paragraph 8, it is admitted that the referenced deed is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 8 are denied.

21.     With respect to paragraph 9, it is admitted that the referenced deed of trust and satisfaction are in writing and speaks for themselves; except as admitted, any remaining allegations of paragraph 9 are denied

22.     With respect to paragraph 10,  it is admitted that the referenced deed of trust is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

23.     With respect to paragraph 11, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

24.     With respect to paragraph 12, it is admitted that the referenced confirmation order is in writing and speaks for itself; except as admitted, any remaining allegations of paragraph 12 are denied.

25.     With respect to paragraph 13, it is admitted that the referenced notices are in writing and speaks for themselves; except as admitted, any remaining allegations of paragraph 13 are denied.

26.     With respect to paragraph 14,  it is admitted that the referenced deed is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

27.     With respect to paragraph 15,  it is admitted that the referenced deed is in writing and speaks for itself; as to the remaining allegations, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

28.     The statements in paragraph 16 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

29.     With respect to paragraph 17, it is admitted that the referenced deeds of trust are in writing and speaks for themselves; except as admitted, any remaining allegations of paragraph 17 are denied.

30.     The statements in paragraph 18 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

31.     The statements in paragraph 19 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

32.     The statements in paragraph 20 constitute legal conclusions to which no response is required; to the extent a response is required, answering defendants have insufficient

information to form an opinion as to the truth or veracity of the allegations and as such, the allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

The Deed of Trust was properly drafted and recorded in a manner sufficient to give a reasonable title searcher notice of New Century Mortgage Company's interest in Lot 1 and as such, the Ocwen Deed of Trust is a valid first lien deed of trust on Lot 1.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff, having received and retained the loan proceeds from New Century Mortgage in exchange for her pledge of collateral owned by her, is estopped from denying the validity of the Ocwen Deed of Trust as a first lien on Lot 1.

## THIRD AFFIRMATIVE DEFENSE AND COUNTERCLAIM
### (In the Alternative)

In the event it is determined that the Ocwen Deed of Trust is defective in any manner such defect is the result of a mutual mistake and the Ocwen Deed of Trust should be reformed to reflect the true intent of the parties such that Ocwen has a valid first lien deed of trust on Lot 1 and the reformation should relate back to the date the Ocwen Deed of Trust was recorded.

WHEREFORE, Answering Defendants prays the Court as follows:

(1)     That the Court deny the relief sought by Plaintiff; and

(2)     That the Court declare that the Ocwen Deed of Trust is a valid first lien deed of trust on Lot 1.

(3)     For such other and further relief as the Court deems just and proper.

HTPL:451076

This the 10th day of February, 2011.

HORACK, TALLEY, PHARR & LOWNDES, P.A.

By:   /s/ Zipporah Basile Edwards
      Zipporah Basile Edwards/State Bar No. 20838
      301 South College Street, Suite 2600
      Charlotte, NC   28202-6038
      Telephone:   704/377-2500
      Facsimile:    704/372-2619
      E-Mail: ZEdwards@HorackTalley.com

HTPL:451076

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Amended Answer was served upon the following by United States mail or electronically, addressed as follows:


John T. Orcutt
Law Offices of John T. Orcutt, P.C.
6616-203 Six Forks Rd.
Raleigh, NC  27615

J. Caleb Thomas
Parker Poe Adams & Bernstien, LLP
P.O. Box 389
Raleigh, NC  27602

Kimberly A. Sheek
Shapiro & Ingle
10130 Perimeter Parkway, Suite 400
Charlotte, NC  28216

CIT Loan Corporation
One CIT Drive
Livingston, NC  07039

Craig A. Williamson
5000 Falls of Nuese Road, Suite 405
Raleigh, NC  27609

Vericrest Financial
1209 Orange Street
Wilmington, DE 19801

John F. Logan
Office Of The Chapter 13 Trustee
PO Box 61039
Raleigh, NC 27661-1039


Dated this 10th day of February, 2011.

s/  <u>Zipporah Basile Edwards</u>
Zipporah Basile Edwards

HTPL:451076