**AP–001** Order Setting Preliminary Pretrial Conference By Telephone and Requiring Preconference Report – Rev. 09/24/2010

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

1760–A Parkwood Blvd.
Wilson, NC 27893

| | |
|---|---|
| IN RE:<br>Belinda Gray Baldwin<br>　　　　Debtor(s) | Bankruptcy Case No.:<br>09–09854–8–JRL |

| | |
|---|---|
| Belinda Gray Baldwin<br><br>　　　　Plaintiff(s)<br>　　　vs.<br>Fidelity National Title Insurance Company of New York, Inc.<br>et al.<br>　　　　Defendant(s) | Adversary Proceeding No.:<br>10–00309–8–JRL |

ORDER SETTING PRELIMINARY PRETRIAL CONFERENCE
BY TELEPHONE AND REQUIRING PRECONFERENCE REPORT

IT IS ORDERED THAT:

(1) A preliminary pretrial conference involving counsel for each party to the proceeding will be held in this adversary proceeding by telephone as follows:

DATE:　　Monday, April 11, 2011
TIME:　　10:00 AM


The conference will involve the following parties at the telephone numbers as indicated below:

J. Rich Leonard (919) 856–4033
John T. Orcutt　　919 847–9750
J. Caleb Thomas 919–828–0564
Kimberly Sheek 704–831–2242
Zipporah Edwards 704–377–2500

The court will initiate the telephone conference. The cost of the call will be the responsibility of the plaintiff's attorney. The clerk's office will contact the conference operator to schedule the call. The operator will be instructed to call the judge last.

(2) Each party must be represented at the conference by the attorney who will conduct the trial for the party, and counsel must be prepared to discuss:

　　a. the issues raised by the pleadings;
　　b. issues concerning jurisdiction, venue, or the authority of the bankruptcy court;
　　c. whether the parties, if the proceeding is a noncore proceeding, have consented to the bankruptcy
　　　 judge hearing and determining the proceeding pursuant to 28 U.S.C. § 157(c) (2);
　　d. the disposition of pending motions;
　　e. the necessity, desirability, and timing of amendments to pleadings, joinder of additional parties, the
　　　 filing of additional motions, and discovery;
　　f. the timing and form of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure,
　　　 including a statement of when disclosures under (a)(1) were made or should be made;
　　g. the amount of time that will be needed for discovery;
　　h. changes that should be made in the limitations on discovery imposed by the Federal Rules of Civil
　　　 Procedure;

    i. whether use of expert witnesses is contemplated, and if so, whether and when the disclosure of expert information as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure should be required;
    j. if a jury demand has been made in a core proceeding, whether the parties consent to a jury trial in the bankruptcy court;
    k. whether the parties have engaged in settlement discussions;
    l. whether the parties have considered voluntary or court ordered mediation and/or arbitration;
    m. the need for additional pretrial conferences;
    n. whether there are witnesses whose testimony could be accommodated at deposition or trial by video conferencing, and if so, what stipulations can be made regarding the appearance of witnesses by video conferencing.

(3) On or before **April 4, 2011** counsel shall file a joint written report signed by counsel, containing information concerning all of the topics to be discussed at the preliminary conference (the topics are itemized in #2 of this order).

(4) At the conclusion of the preliminary conference, a scheduling order will be entered limiting the time to complete discovery, to amend pleadings, to join additional parties, and to file additional motions. The scheduling order may also include the date or dates for conferences before trial, a final pretrial conference, and trial.

Dated: March 8, 2011

                                        J. Rich Leonard
                                        United States Bankruptcy Judge