UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In re:

**Belinda Gray Baldwin**,

Soc. Sec. No. xxx-xx-3480
Mailing Address: 406 Rauhut St., Burlington NC 27217

         Debtor.

Bankruptcy Case No.: 09-09854-8-JRL

**Belinda Gray Baldwin**

         Plaintiff,

A.P. No.:10-00309-8-JRL_____

vs.

**Fidelity National Title Insurance Company of New York, Inc., et al**

         Defendants.

### JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT

The undersigned counsel for Plaintiff and undersigned counsel for Defendants in the above-captioned matter hereby submit the following joint preliminary pretrial conference report:

a. The issues raised by the pleadings are:

1. Whether the Ocwen Deed of Trust as recorded in Book 1713, Page 685, Alamance County Registry, is void as an encumbrance as to Lot 3 (aka 406 Rauhut St.) for failure to properly describe the correct lot number.

2. Whether the re-recording of the Ocwen Deed of Trust in Book 2663, Page 357, Alamance County Registry, was a violation of the automatic stay and *void ab initio*.

3. Whether the re-recording of the Ocwen Deed of Trust in Book 2663, Page 357, Alamance County Registry was ineffective for non-compliance with NCGS § 47-36.1 and therefore void as an encumbrance as to Lot 3.

4. If the Ocwen Deed of Trust is not *void ab initio*, whether the Deed of Trust

        is voidable pursuant to 11 U.S.C. 544.

5. If the Ocwen Deed of Trust is not *void ab initio*, whether joinder of the Chapter 13 Trustee is necessary for avoidance of the Ocwen Deed of pursuant to 11 U.S.C. 544.

6. Whether Lot 1 (aka 414 Rauhut St.) is property of the bankruptcy estate.

7. Whether joinder of Anthony and Stacey Noell is necessary for a determination of the parties' rights and property ownership.

8. Whether the Ocwen Deed of Trust was properly drafted and recorded in a manner sufficient to give a reasonable title searcher notice of the originating lender's interest in Lot 1 and whether, as such, the Ocwen Deed of Trust is a valid first lien deed of trust on Lot 1.

9. Whether the Plaintiff, having received and utilized the loan proceeds from the originating lender in exchange for her pledge of collateral, is estopped from denying the validity of the Ocwen Deed of Trustee as a first lien on Lot 1.

10. Should the court determine that the Ocwen Deed of Trust is defective, whether Defendants Ocwen and U.S. Bank as Trustee are entitled to reformation of the Ocwen Deed of Trust.

b. This is a core proceeding and the parties agree that jurisdiction and venue are proper.

c. At the time of the filing of this joint preliminary pretrial conference report, Defendants Ocwen and U.S. Bank as Trustee's Motion to Dismiss this adversary proceeding (1) on the grounds that Plaintiff does not have standing to assert claims pursuant to the Trustee's 11 U.S.C. § 544 avoidance powers and as such fails to state a claim against these defendants and (2) for failure to join a necessary party, to the extent Plaintiff seeks an adjudication relating to title to real property owned by individuals who are not parties to this action, are pending.

d. The parties anticipate the possibility of joinder of additional necessary parties including the Chapter 13 Trustee and Anthony and Stacey Noell and will seek a determination of their necessity through dispositive motions. Should the court determine that joinder of additional parties is necessary, the parties request 45 days from the date of such ruling to seek joinder of additional parties.

e. The parties will make disclosures under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure on or before June 1, 2011.

      f.      The parties expect to require 120 days for discovery after initial disclosures are served.  The proposed 120 day schedule contemplates only fact discovery. Should expert discovery be required, such as handwriting analysis, the parties request that the discovery deadlines be set without prejudice to the parties' ability to request an additional sixty days for expert discovery and a disclosure schedule.

      g.      The parties request that the usual discovery limitations apply in this case.

      h.      No expert witnesses have been identified at this time.

      i.      The parties do not request a jury trial.

      j.      The parties have not engaged in settlement discussions at this time.

      k.      The parties have agreed to participate in a mediation of this matter on or before June 30, 2011

      l.      The parties anticipate the need only for a final pretrial conference.

WHEREFORE, undersigned counsel for plaintiff and undersigned counsel for defendants in the above-captioned matter hereby submit the foregoing joint preliminary pretrial conference report.

This 4th day of April, 2011.

Signed:/s/Koury L. Hicks  
Koury L. Hicks  
Attorney for the Plaintiffs  
North Carolina State Bar No.: 36204

Signed:/s/ Zipporah B. Edwards  
Zipporah B. Edwards  
Attorney for the Defendants Ocwen and U.S. Bank  
North Carolina State Bar No.: 20838

Signed: /s/J. Caleb Thomas  
J. Caleb Thomas  
Attorney for Fidelity National Title Insurance Company of New York, Inc.  
North Carolina State Bar No. 37093