**SO ORDERED.**

**SIGNED this 11 day of May, 2011.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

BELINDA GRAY BALDWIN,                    CASE NO. 09-09854-8-JRL
                                         CHAPTER 13
    DEBTOR


BELINDA GRAY BALDWIN,

    PLAINTIFF,
                                         ADVERSARY PROCEEDING
        v.                               NO.10-00309-8-JRL

FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF NEW YORK, INC., TRUSTEE
ET AL.,

    DEFENDANTS.

_____

## ORDER

The matter before the court is Ocwen Loan Servicing, L.L.C. and U.S. Bank N.A., in its capacity as Trustee for MASTR Asset Backed Securities Trust 2002-NC1 Mortgage Pass-Through Certificates, Series 2002-NC1s' ("defendants") motion to dismiss. A hearing was held on May 9, 2011 in Raleigh, North Carolina.

The debtor filed the adversary proceeding on December 8, 2010, seeking to avoid two deeds of trust held against property of the debtor. In response, defendants filed a motion to dismiss the action for lack of standing. Defendants contend the debtor lacks standing to pursue an avoidance claim under 11 U.S.C. § 544. Debtor's counsel was properly served notice of the motion on February 10, 2011, but failed to file a response to the motion within 21 days. E.D.N.C. LBR 7007-1(b). Debtor's counsel was also provided adequate notice of the scheduled hearing, but failed to appear.

The main issue before the court is whether a chapter 13 debtor has the ability to assert avoidance powers granted to the trustee under 11 U.S.C. § 544. The debtor asserts that 11 U.S.C. § 522(h) authorizes the debtor to pursue an avoidance action in the same capacity as the trustee would under § 544. However, the debtor's ability to exercise this power under § 522(h) is limited to challenging transfers that are not made voluntarily. Generally, the granting of a mortgage or security interest in the debtor's property is considered a voluntary transfer, In re Millerburg, 61 B.R. 125 (Bankr. E.D.N.C. 1986), while "execution, repossession, or certification of a judgment" against property is  deemed involuntary. In re Trevino, 96 B.R. 608, 613 (Bankr. E.D.N.C. 1989).

In the present case, the debtor does not have the ability to bring an avoidance action because she voluntarily executed two separate deeds of trust in favor of the defendants. Furthermore, this court recently determined a chapter 13 debtor's ability to bring an avoidance action. See Robinson v. World Omni Financial Corp., 2011 Bankr. LEXIS 437 (Bankr. E.D.N.C. 2011). The court concluded that section 1303 defines the rights and powers of a chapter 13 debtor and that "[t]he language of this provision clearly indicates that chapter 13 debtors were

2

not granted the trustee's avoidance powers found in chapter 5 of the Code." Id. at 5.

Based on the foregoing, the defendants' motion to dismiss the adversary proceeding is **ALLOWED**.

**END OF DOCUMENT**